# STATE v. WILLIAM SHANKLAND.

High Court of Errors and Appeals.   June, 1821.

*Ridgely's Notebook III, 333.*

604

October 21, 1823.

*H. M. Ridgely* and *Robinson* for plaintiff. *T. Clayton* and *Cooper* for defendant. . . .

THE CHANCELLOR delivered the opinion of the Court. This was an action of debt brought to April Term, 1812, on a testamentary bond against William Shankland, the surety of Sarah Robinson, executrix of the last will and testament of Benjamin Robinson, deceased, "for the use of James Hazzard, guardian of William, Benjamin and Arcada Robinson, minors and legatees of Benjamin Robinson, deceased." The declaration was filed February 1, 1813, by Peter Robinson, who in this behalf sued for the State on a bond dated August 27, 1804, for £1000, with a condition underwritten according to the form prescribed by the Act

of the General Assembly [2 Del.Laws 889] for testamentary bonds.

The defendant craved *oyer* of the bond and condition, and pleaded: first, performance; secondly, the Act of Limitation on such bonds. On the first plea the plaintiff joined issue; and to the second he plead infancy. The defendant replied, and an issue was also taken on the second plea.

On the trial, November 13, the jury found on both issues in favor of the plaintiff, and judgment was rendered thereon.

The plaintiff then sued out a writ of *scire facias* on this judgment according to the provision of "An Act for establishing Orphans' Courts," Section 12, 1 Del.Laws 87, 93. He recited therein, among other things, the testamentary bond and condition, the bequest in the last will and testament of Benjamin Robinson, made August 14, 1804, and proved 27th of the same month, whereby he bequeathed the rest and residue of his personal estate to be equally divided between his four daughters; and after the decease of his wife, the said Sarah, the executrix, all that he had given to her, not otherwise disposed of, to be equally divided between all his children that should be then living, to them and their heirs forever. That the said testator left to survive him seven children, William, Benjamin, James, Ann, then and still the wife of James Hazzard, Elizabeth, Mary and Arcada. That the said Ann married James Hazzard before the date of the said bond. That the said Elizabeth, while under the age of twenty-one years, and after the date of said bond, married Lewis Hazzard, who shortly after died; and the said Elizabeth married and still is the wife of John Hazzard. That the said Mary, while under the age of twenty-one years, and after the date of said bond, married one Benjamin Burton, who died since the date of the judgment recovered on said bond, and the said Mary (still being sole) hath him survived. And the said Arcada being within the age of twenty-one years, the said James Hazzard hath been appointed her guardian. That the personal estate, late of said Benjamin Robinson, to the value of $10,000 came to the hands of said Sarah, executrix. That a clear surplus of said estate, to wit, $8000 remained in the hands of said Sarah, executrix. That James Hazzard and Ann, his wife, are entitled to one equal fourth part. John Hazzard and Elizabeth, his wife, are entitled to one equal fourth part. Mary Burton is entitled to one fourth part. And Arcada is entitled to one fourth part. That no part of said surplus hath been distributed according to said will of Benjamin Robinson. Nevertheless the said William Shankland, or the said Sarah Robinson in her lifetime, or the said William since the death of the said

Sarah, although etc. have not paid etc. to the said James Hazzard and Ann, his wife, nor to the said Elizabeth, before her marriage with the said Lewis Hazzard, nor to the said Lewis and Elizabeth after their marriage in the lifetime of said Lewis nor to the said Elizabeth after the death of the said Lewis and before her marriage with the said John Hazzard, nor to the said John and Elizabeth since their marriage, nor to the said Mary before her marriage with the said Benjamin Burton, nor to the said Benjamin and Mary after their marriage, nor to the said Mary after the death of the said Benjamin, nor to the said Arcada, their respective fourth of said residue. The breach laid is not paying James Hazzard and Ann, his wife, John Hazzard and Elizabeth his wife, Mary Burton, widow, and Arcada Robinson their respective shares of the residue of the personal estate of the testator, Benjamin Robinson.

To this *scire facias* the defendant pleaded:

First, *nul tiel* record; and upon this plea issue was joined.

Second, that James Hazzard and Ann, his wife, John Hazzard and Elizabeth, his wife, Mary Burton, and Arcada Robinson have not sustained any damages in respect, or by reason of any matter, cause or thing in the condition of the writing obligatory aforesaid referred to in said writ, etc.; upon this plea issue was joined.

Third, payment and satisfaction; and thereupon an issue was taken.

Fourth, that after the death of Benjamin Robinson, the testator, the said Sarah Robinson (the executrix and co-obligor with Shankland the defendant) was appointed guardian of said Mary and Arcada; as guardian that she retained their respective shares of said residuary part of said personal estate; replication and issue thereon.

Fifth, that James Hazzard and Ann, his wife, are not by law entitled, and ought not to prosecute the said writ of *scire facias* against said defendant for any of the matters therein on their behalf alleged, because the said writing obligatory in the said writ mentioned was not put in suit for the use of the said James Hazzard and Ann, his wife, nor any proceedings thereon commenced for their use, within six years after passing of the said obligation, as by the Act of the General Assembly in that behalf is required. To this plea the plaintiff replied, "That she, the said Ann, took to husband the said James Hazzard in the said indorsement of the writ aforesaid named, and to him was married and under coverture" before the making of said writing obligatory mentioned in the said *scire facias,* and hitherto from

the time of said marriage as aforesaid hath remained and so continued until the issuing said writ of *scire facias* to wit, at the county aforesaid. The defendant demurred generally to this replication.

Sixth, that John Hazzard and Elizabeth, his wife, are not by law entitled, and ought not to prosecute said writ of *scire facias* against this defendant for any of the matters therein on their behalf alleged, because the said writing obligatory in the said writ mentioned was not put in suit for the use of said John Hazzard and Elizabeth, his wife, nor any proceedings thereon commenced within six years after the passing the said obligation, as by the Act of the General Assembly in that behalf is required etc.; and the right of the said John Hazzard and Elizabeth not being saved by reason of the disabilities specified and provided for and in and by the said Act of Assembly, etc. To this sixth plea the plaintiff demurred generally.

The three first issues were found for the plaintiff; and the jury assessed the damages of James Hazzard and Ann, his wife, to $322.41, and the damages of John Hazzard and Elizabeth, his wife, to $134.71. The fourth issue was found for the defendant. And as to the second and third pleas, the jury found that Mary Burton and Arcada Robinson had sustained no damages, etc. On the demurrer to the replication to the fifth plea, the Court rendered a judgment for the demurrant, the defendant below, and the defendant in this court. And on the demurrer by the plaintiff below to the sixth plea, the Court rendered a judgment for the defendant, Shankland.

First, the question now is, on the judgment of the Court of Common Pleas upon the demurrer to the replication to the fifth plea, whether the saving of the right of a *feme covert* in the second section of "An Act to compel executors to give security for the faithful discharge of the duty reposed in them by their testator, and for other purposes," 2 Del.Laws 888, applies to the husband and wife during the lives of such husband and wife, upon a suit brought by them on a testamentary bond made after their marriage.

Second, the point upon the demurrer of the plaintiff (below and here) to the sixth plea does not appear so plain and distinct as upon the demurrer arising out of the fifth plea. In the *scire facias* it is stated that Elizabeth married Lewis Hazzard while she was an infant, and after the making the bond; and that shortly after the said Lewis died; and the said Elizabeth married John Hazzard, her present husband. In the plea no notice is taken of any of these circumstances; but the defend-

ant seems to rest the case of John Hazzard and his wife precisely on the same grounds as the case in relation to James Hazzard and wife is placed. If Elizabeth at the time of her marriage with John Hazzard was twenty-one years old, the Act of Limitation would have begun to run. And if she was an infant then, as well as at the time of her first marriage, and when the bond was made, another question as to the saving clause of the Act of Assembly would have arisen. But as these facts are not shown, and the rights of James Hazzard and wife, and John Hazzard and wife are placed by the pleadings on the same footing, and the questions are alike as to both of these parties, I shall consider the decision made on one demurrer as the decision of the other.

Then the question, and the only question, is whether the saving of the right of a *feme covert* in the second section of the Act to compel executors to give security, etc. applies to the husband and wife during their lives, upon a suit brought by them on a testamentary bond made after their marriage. The words of the Act of Assembly on which this question has arisen are [at 2 Del.Laws 890], "Provided also, That all actions upon such testamentary bonds hereafter executed shall be commenced within six years after the passing the said bonds, and not after; saving the right of any person or persons who shall be within age of twenty-one years, *feme covert, non compos mentis,* imprisoned, [.  .  .] of bringing such action or actions within three years after their coming to, or being of full age, discoverture, of sound memory, or[2] at large. [.  .  .]"

According to the meaning of this Act, the right of the husband and wife to bring a suit, after six years from the passing the bond, is not saved, for he is not under any of the disabilities mentioned in the Act; and his name or interest is not referred to nor contemplated. The saving is to bring a suit within three years after a disability is removed; but where there is no disability there is no saving. The Act was clearly designed to save the rights of married women and to keep their rights alive until they become *discovert,* and free and able to act for themselves, and not to protect rights which might be exercised at the pleasure of the person or persons having such rights. It had no view to the interest of the husband, and there was no necessity that it should, for he could bring a suit at any time; but the wife, though she has a right, has no remedy of herself, and therefore the law very providently interposes to save her against the omissions or neglect of her husband. But there can be no reason

---

[2] "Or" does not appear here in the Act.

for the same caution in regard to the husband, even in those cases where the right is derived from the wife and where he must join her name with his in prosecuting such right. In *Hulm v. Heylock*, Cro. Car. 200, the case was thus. John Metcalf devised land to John Gallant, an infant. Henry Metcalf, the son and heir of John Metcalf, entered and levied a fine with proclamations in the life of John Gallant, he being still an infant. He afterward died, within age, the wife of Heylock being his sister and heir. All the court resolved that a fine and non-claim, which is binding in law, should bar the husband.

The principle of that case is analogous to the present. In neither is the right saved to the husband and wife; but it is saved to her alone, and not to her until the disability is removed. In *Perry v. Jackson*, 4 Term 516, it was adjudged that if one plaintiff be abroad, and the others in England, an action on a bill of exchange must be brought within six years after the cause of action accrued. The exception in the Statute, 21 Jac. I, c. 16, is of person or persons who are within the age of twenty-one years, *feme covert, non compos mentis,* imprisoned or beyond sea. Lord Kenyon observed that the words of the clause only extend to cases where the person individually, a single plaintiff, or persons in the plural, where there are several plaintiffs, are not in a situation to protect their interests. He therefore said the plaintiffs were barred by the Statute. And here the husband and wife are not persons intended by the Act to be saved, because the husband had no impediment to sue, but the wife could not, and she alone comes within the design of the saving.

*Cotton's Case,* 2 Co. Inst. 519, 1 Leon. 211, has been cited from 2 Co.Inst. Mr. Williams in his note on *Chandler v. Vilett,* 1 Saund. 120, 121, says there is a difference in *Cotton's Case* as reported in 2 Co. Inst. 519, and in 1 Leon. 211. He states the difference, and says that the last resolution upon the subject is agreeable to the opinion of Anderson. But that was the case of an heir and has no application to this case. It was a question of a single person, a plaintiff, and has no principle nor resemblance to the parties in this suit. The same case is referred to in *Dillon v. Leman,* 2 H.Bl. 584, and the court there seems to have decided according to the report of Leonard.

The cases of foreigners and infants are clearly exceptions, and therefore *Strithorst v. Grame,* 3 Wils. 145, does not apply. The difference is that the husband and wife do not come within the saving of our Act; and foreigners, or persons out of England, and infants, come within the words and meaning of 21 Jac. I, c. 16.

It has been objected that the plea of limitation could not be put into the writ of *scire facias* brought on the judgment recovered upon the testamentary bond. This objection may be answered by the fact that the original suit on the bond was not brought for the use of James Hazzard and Ann, his wife, and John Hazzard and Elizabeth, his wife; and therefore, as they were not parties in that suit, the defendant Shankland never had an opportunity to plead the limitation against such bonds until they became parties in this writ of *scire facias*. The original suit on the bond was brought "for the use of James Hazzard, guardian of William, Benjamin, and Arcada Robinson, minors and legatees of Benjamin Robinson, deceased."

Judgment affirmed.

---

NOTE. There was no plea in relation to infancy, and no question was made on that head. It never came under discussion or consideration.

(NOTE, added since the judgment was affirmed. If husband and wife have a right of entry into lands which another hath in fee or fee-tail, and such tenant die seised, the entry of the husband upon the heir, who is in by descent, is taken away; but if the husband die, the wife may enter upon the issue, who is in by descent, for the laches of the husband shall not prejudice the wife or her heirs. Litt.Ten. 403. If a *feme sole* be seised of lands in fee, and is disseised, and then takes husband; in this case the husband and wife, as in the right of the wife, have right to enter, and yet the dying seised of the disseisor in that case shall take away the entry of the wife after the death of her husband. And the reason is as well, for that she herself, when she was sole, might have entered and recontinued her possession; as well also it shall be accounted her folly that she would take such a husband which would not enter before the descent. Co. Litt. 246.)